Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with some modification.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Hartford Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. On 20 May 1997, plaintiff sustained an admittedly compensable back injury.
5. Plaintiffs average weekly wage was $297.50, which yields a compensation rate of $198.34 per week.
6. The issues before the Deputy Commissioner were:
a. Whether plaintiffs present medical problems are causally related to the 20 May 1997 injury;
b. Whether plaintiffs present condition was the result of an independent and intervening act occurring after plaintiffs termination?
c. Is plaintiff entitled to any indemnity benefits?
d. Are defendants entitled to a second opinion on plaintiffs permanent partial impairment?
7. The parties stipulated the following documents into evidence:
a. I.C. Form 19 Employers Report of Injury to Employee dated 23 May 1997;
b. I.C. Form 61 Denial of Workers Compensation Claim dated 23 September 1997;
c. Records of Dr. Nifong, seven pages;
d. Records of Dr. Herrick, thirteen pages;
e. Records of Thomasville General Hospital Emergency Room, four pages;
f. Records of Thomas General Hospital Physical Therapy, twenty-one pages; and
g. Records of Davidson Radiology, one page.
***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury, plaintiff was a thirty-eight year old male. He began working for defendant-employer on 12 May 1997 as a janitor. Plaintiffs duties included sweeping and emptying barrels filled with metal shavings.
2. On 20 May 1997, plaintiff lifted a barrel in order to empty it when he twisted his back. He reported this to the shop superintendent.
3. Plaintiff was initially seen by Ted Nifong, M.D., on 22 May 1997. Dr. Nifong diagnosed plaintiff with a low back strain for which Flexeril, Darvocet, and anti-inflammatories were prescribed. Plaintiff was given work restrictions of twenty pounds lifting until 26 May 1997.
4. Plaintiff returned to work at full duty from 26 May 1997 until 9 September 1997. Plaintiff left his job to move to Thomasville, North Carolina due to marital problems. He did not have a car and was unable to seek other work after his move. Plaintiff did not leave his job with defendant-employer because of any problems with his back.
5. On 12 September 1997, plaintiff sought treatment at Thomasville General Hospital Emergency Room for back strain. Plaintiff reported having back pain for three days and that he had a similar problem a month earlier. He was diagnosed with a lumbar strain.
6. The physical therapist that performed the Functional Capacity Evaluation gave plaintiff a twelve percent whole body impairment pursuant to the AMA guidelines. Dr. Herrick found that plaintiff retained a twelve percent permanent partial impairment rating to his back. Because this rating may not have been based upon the Industrial Commission rating guide, the Commission requires a second opinion on this issue.
7. Plaintiff began working on 6 January 1998 at Thomasville Furniture as a machine operator.
8. Plaintiff was released from treatment by Dr. Herrick on 14 January 1998.
9. Plaintiff was totally disabled from work as a result of his back strain from 22 May 1997 through 25 May 1997 and from 12 September 1997 through 1 October 1997.
10. Any inability to earn wages from 9 September 1997 through 11 September 1997 and from 2 October 1997 until 6 January 1998 was due to plaintiffs lack of transportation and not related to his back strain.
***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. As a result of the compensable back injury, plaintiff is entitled to total disability compensation at the rate of $198.33 per week for the period from 22 May 1997 through 25 May 1997 and from 12 September 1997 through 1 October 1997. G.S. 97-29.
2. Plaintiff is entitled to have defendants pay for medical expenses incurred as a result of his compensable back injury as may be required to provide relief, effect a cure, or lessen the period of plaintiffs disability. G.S. 97-2(19); 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorneys fee herein approved, defendants shall pay total disability compensation to plaintiff at the rate of $198.34 per week for the periods from 22 May 1997 through 25 May 1997 and 12 September 1997 through 1 October 1997. Said compensation has accrued and shall be paid in a lump sum.
2. A reasonable attorneys fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiffs counsel.
3. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Defendants are entitled to have plaintiff submit for an independent medical evaluation on his permanent impairment.
5. Defendants shall pay the costs.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER